RE: OPEN RECORDS/INJUNCTIVE RELIEF/NURSING HOMES
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF NOVEMBER 17, 1988, AND HAS AUTHORIZED ME TO PERSONALLY RESPOND TO YOU ON HIS BEHALF THROUGH THIS INFORMATIONAL LETTER. YOU INQUIRE AS TO THREE SEPARATE AREAS OF CONCERN: APPLICATION OF THE NEW AMENDMENTS TO THE OPEN RECORDS ACT TO THE CONFIDENTIALITY STATEMENTS OF 59 O.S. 46.24(E)(1987), THE ABILITY OF THE BOARD TO SEEK INJUNCTIVE RELIEF AGAINST VIOLATORS OF STATE LAW CONCERNING THIS FIELD, AND WHETHER THE CONSTRUCTION OF A NURSING HOME WOULD CONSTITUTE THE CONSTRUCTION OF A HOSPITAL", WITHIN THE REQUIREMENTS OF 59 O.S. 46.3(C) (1987).
AS TO YOUR FIRST INQUIRY, THE TERMS OF THE OPEN RECORDS ACT ARE QUITE CLEAR THAT CONFIDENTIALITY STATUTES THAT ARE PRESENTLY CONTAINED IN OTHER AREAS OF THE OKLAHOMA STATUTES ARE STILL VALID AND APPLICABLE LAW. TITLE 51 O.S. 24 A.2 (1988) (AS AMENDED BY SECTION 2 OF HOUSE BILL NO. 1846 OF THE 1988 OKLAHOMA LEGISLATURE), STATES, IN PERTINENT PART:
 "EXCEPT WHERE SPECIFIC STATE OR FEDERAL STATUTES CREATE A CONFIDENTIAL PRIVILEGE PERSONS WHO SUBMIT INFORMATION TO PUBLIC BODIES HAVE NO RIGHT TO KEEP THIS INFORMATION FROM PUBLIC ACCESS NOR REASONABLE EXPECTATION THAT THIS INFORMATION WILL BE KEPT FROM PUBLIC ACCESS.
 YOUR SECOND AREA OF CONCERN HIGHLIGHTS THE ABILITY OF THE BOARD TO SEEK INJUNCTIVE RELIEF AGAINST THE OWNER OR DEVELOPER OF A BUILDING WHO IS CONSTRUCTING SAME WITHOUT REQUIRED ARCHITECTURAL ASSISTANCE. UNDER 59 O.S. 46.7(12)/59 O.S. 46.7(16) AND 59 O.S. 46.7(17), THE BOARD HAS THE LEGAL ABILITY, WITH THE APPROVAL OF THE ATTORNEY GENERAL, TO INITIATE INJUNCTIVE PROCEEDINGS AGAINST ANY PERSON OR ENTITY VIOLATING ANY OF THE PROVISIONS OF THE ARCHITECTURAL ACT, AND ALSO AGAINST THE OWNER/DEVELOPER OF THE NON-EXEMPT BUILDING IN QUESTION. THIS PLAIN LANGUAGE ANSWERS YOUR QUESTION. IF YOU HAVE A SPECIFIC ISSUE IN MIND, I SUGGEST THAT YOU DISCUSS THE MATTER WITH THE ASSIGNED LIAISON FROM THIS OFFICE.
 YOUR FINAL QUESTION ASKS FOR A REAPPRAISAL OF THE VITALITY OF ATTORNEY GENERAL OPINION NO. 64-108. YOU INQUIRE WHETHER RECENT ADMINISTRATIVE RULES ADOPTED BY THE BOARD WHICH "APPEAR TO BE DEFINED ON NATIONALLY RECOGNIZED BUILDING CODE DEFINITIONS, N TO USE YOUR WORDS, WOULD CHANGE THE VALIDITY OF THE 1964 OPINION. THAT OPINION WAS ASKED TO CONSIDER WHETHER NURSING HOMES WERE TO BE LEGALLY DEEMED "HOSPITALS", FOR THE PURPOSE OF REGULATION OF THE CONSTRUCTION OF SUCH NURSING HOMES BY THE BOARD. IT REFERRED TO A PUBLISHED OPINION OF THE OKLAHOMA SUPREME COURT ADVISING TO THE CONTRARY, AND AFFIRMED THAT A NURSING HOME IS NOT A "HOSPITAL" FOR ARCHITECTURAL REGULATORY PURPOSES.
 THE BOARD COULD NOT ADOPT RULES THAT WOULD CONTRAVENE THE STATUTORY LANGUAGE IN QUESTION, AND, THEREFORE, THE QUESTION TO YOUR INQUIRY IS NEGATIVE. ATTORNEY GENERAL OPINION NO. 64-108 SHOULD BE CONSIDERED A VALID STATEMENT OF THE LAW IN THIS AREA.
(MICHAEL SCOTT FERN)